## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WATER POLLUTION CONTROL AUTHORITY OF THE CITY OF NORWALK | ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| FLOWSERVE US INC. | ) ) | |
| Defendant | ) | APRIL 23, 2014 |

### NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Flowserve US Inc. hereby removes this action from the Superior Court of the State of Connecticut, Judicial District of Stamford/Norwalk at Stamford, to the United States District Court for the District of Connecticut. This court has jurisdiction over this case under 28 U.S.C. §1332 (Diversity of Citizenship). The facts pertinent to this Notice of Removal include the following:

1.   Plaintiff brought an action against Defendant in the Superior Court of the State of Connecticut, Judicial District of Stamford/Norwalk at Stamford, by serving a Summons and Complaint ("Complaint") on CT Corporation in its capacity as agent for service of process for Defendant on March 27, 2014. Defendant received the Summons and Complaint from CT

**ORAL ARGUMENT IS NOT REQUESTED**

WOLF, HOROWITZ & ETLINGER, L.L.C. *Counselors At Law*
99 Pratt Street, Suite 401, Hartford, Connecticut 06103*(860) 724-6667*Fax (860) 293-1979*Juris No. 402488

Corporation on March 27, 2014  A copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2.      There is complete diversity of citizenship between the proper parties to this suit and the sum in controversy, exclusive of costs and interest, exceeds $75,000.00.  This Notice of Removal is timely as it has been filed within 30 days of the date upon which Defendants were served with the Summons and Complaint in this matter.

3.      Plaintiff alleges in the First Count of its Complaint at paragraph 1 that it is an authority created pursuant to Connecticut Law to, *inter alia*, operate and maintain the Sewage System for the City of Norwalk, Connecticut.

4.      Defendant is incorporated in the State of Delaware and has its principal place of business in the State of Texas

5.      Plaintiff alleges that it entered into a construction contract with Gilbane Building Company ("Gilbane") for the Phase I Upgrade of the Norwalk Wastewater Treatment Plant ("the Project").  Gilbane entered into a contract with Defendant in the amount of $ 796,779.00 for Defendant to supply six pumps and control systems for the Project.  On information and belief, Gilbane was obligated to Plaintiff to install the materials furnished by Defendant and in fact installed these materials  Gilbane's installation costs are not included in Defendant's contract price.

6.      Plaintiff claims that four of the six pumps and control systems supplied by Defendant are not operating properly  Plaintiff claims that it has made demand on Defendant to repair or replace these pumps, but that Defendant has purportedly failed to offer to correct the alleged performance deficiencies  Plaintiff has brought claims against Defendant sounding in

WOLF, HOROWITZ & EILINGER, L L C *Counselors At Law*
99 Pratt Street, Suite 401, Hartford, Connecticut 06103*(860) 724-6667*Fax (860) 293-1979*Juris No. 402488

breach of contract, breach of warranty, product liability, and bad faith. Plaintiff is seeking to recover, *inter alia*, compensatory damages to include repair or replacement and re-installation costs for the four allegedly non-performing pumps, punitive damages, and attorney's fees.

7.    It is clear that Plaintiff seeks damages for losses sustained in an amount in excess of $75,000.00.

8.    The United States District Court for the District of Connecticut has jurisdiction over this case pursuant to 28 U.S.C. §1332, in that there is complete diversity of citizenship between the proper parties to this suit and the amount in controversy, exclusive of costs, interest and attorneys fees, exceeds the sum of $75,000.00.

9.    Concurrent with the filing of this Notice of Removal, Defendant is serving this Notice of Removal upon Plaintiff and is filing a copy of the Notice of Removal with the Clerk of the Superior Court, Judicial District of Stamford at Stamford.

WHEREFORE, Defendants respectfully request that this Court accept jurisdiction of the above-identified action now removed from the Superior Court, Judicial District of Stamford/Norwalk at Stamford to the United States District Court for the District of Connecticut, and enter any other relief as may be necessary or appropriate.

DEFENDANT,
FLOWSERVE US INC.


/s/ Matthew M. Horowitz
Matthew M. Horowitz (ct 01747)
Wolf, Horowitz & Etlinger, LLC
99 Pratt Street, Suite 401
Hartford, CT 06103
(860) 724-6667
Juris No. 402488
mhorowitz@wolfhorowitz.com

WOLF, HOROWITZ & ETLINGER, L.L.C *Counselors At Law*
99 Pratt Street, Suite 401, Hartford, Connecticut 06103*(860) 724-6667*Fax (860) 293-1979*Juris No. 402488

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been sent, via U.S. Mail, postage pre-paid, to the following counsel of record on this 23rd day of April, 2014

Scott Orenstein
Updike, Kelly & Spellacy, P.C.
300 Plaza Middlesex
203 Main Street-2nd Floor
Middletown, Ct. 06457
*Counsel for Plaintiff Water Pollution Control*
*Authority of the City of Norwalk*

/s/ Matthew M. Horowitz
Matthew M. Horowitz

94274

WOLF, HOROWITZ & ETLINGER, L.L.C. *Counsellors At Law*
99 Pratt Street, Suite 401, Hartford, Connecticut 06103*(860) 724-6667*Fax (860) 293-1979*Juris No. 402488

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-13
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

**See page 2 for instructions**

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

**TO:** Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| 123 Hoyt Street, Stamford 06905 | ( 203 ) 965-5308 | April | 29 | 2014 |
| | | Month | Day | Year |

| ☒ Judicial District | ☐ G.A. Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | | Stamford-Norwalk | Major: C | Minor: 00 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Updike, Kelly & Spellacy, P.C., 100 Pearl Street, P.O. Box 231277, Hartford, CT 06123 | 065040 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 548-2683 | |

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: Water Pollution Control Authority for the City of Norwalk<br>Address: 15 South Smith Street<br>Norwalk, CT 06855 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: Flowserve US Inc.<br>Address: 5215 N. O'Connor Boulevard, Suite 2300<br>Irving, TX 75039 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left<br>Scott S. Orenstein | Date signed<br>03/24/2014 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

| File Date | For Court Use Only |
|---|---|
| | A TRUE COPY ATTEST<br>KEITH R. NAU<br>CONNECTICUT STATE MARSHAL<br>INDIFFERENT PERSON |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250 | | |
|---|---|---|
| Deneen Seifel, 4 Enrico Road, Bolton, CT 06043 | | |

| Signed *(Official taking recognizance; "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Date<br>03/24/2014 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. *Type or print legibly; sign summons.*
2. *Prepare or photocopy a summons for each defendant.*
3. *Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.*
4. *After service has been made by a proper officer, file original papers and officer's return with the clerk of court.*
5. *The party recognized to pay costs must appear personally before the authority taking the recognizance.*
6. *Do not use this form for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, paternity, and visitation matters).*
   (b) *Summary process actions.*
   (c) *Applications for change of name.*

   (d) *Probate appeals.*
   (e) *Administrative appeals.*
   (f) *Proceedings pertaining to arbitration.*
   (g) *Any actions or proceedings in which an attachment, garnishment or replevy is sought.*

---

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*

---

## Case Type Codes

| Major Description | Codes Major Minor | Minor Description | Major Description | Codes Major Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 10 | Construction - State and Local | | T 03 | Defective Premises - Private - Other |
| | C 20 | Insurance Policy | | T 11 | Defective Premises - Public - Snow or Ice |
| | C 30 | Specific Performance | | T 12 | Defective Premises - Public - Other |
| | C 40 | Collections | | T 20 | Products Liability - Other than Vehicular |
| | C 90 | All other | | T 28 | Malpractice - Medical |
| Eminent Domain | E 00 | State Highway Condemnation | | T 29 | Malpractice - Legal |
| | E 10 | Redevelopment Condemnation | | T 30 | Malpractice - All other |
| | E 20 | Other State or Municipal Agencies | | T 40 | Assault and Battery |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 50 | Defamation |
| | E 90 | All other | | T 61 | Animals - Dog |
| | | | | T 69 | Animals - Other |
| Miscellaneous | M 00 | Injunction | | T 70 | False Arrest |
| | M 10 | Receivership | | T 71 | Fire Damage |
| | M 20 | Mandamus | | T 90 | All other |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 40 | Arbitration | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 50 | Declaratory Judgment | | V 05 | Motor Vehicles* - Property Damage only |
| | M 63 | Bar Discipline | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 09 | Motor Vehicle* - All other |
| | M 68 | Bar Discipline - Inactive Status | | V 10 | Boats |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | V 20 | Airplanes |
| | M 82 | Housing Civil Matters | | V 30 | Railroads |
| | M 83 | Small Claims Transfer to Regular Docket | | V 40 | Snowmobiles |
| | M 84 | Foreign Protective Order | | V 90 | All other |
| | M 90 | All other | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Property | P 00 | Foreclosure | | | |
| | P 10 | Partition | | | |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | P 30 | Asset Forfeiture | | W 90 | All other |
| | P 90 | All other | | | |

JD-CV-1  Rev. 2-13

203 Main Street • 300 Plaza Middlesex • Middletown, Connecticut 06457 • Tel. (860) 346-3626 • Fax (860) 346-4580 • Juris No. 65040

RETURN DATE: APRIL 29, 2014                 :    SUPERIOR COURT

WATER POLLUTION CONTROL                     :    JUDICIAL DISTRICT OF STAMFORD-NORWALK
AUTHORITY FOR THE CITY OF                   :
NORWALK                                     :    AT STAMFORD
                                            :
v.                                          :
                                            :
FLOWSERVE US INC.                           :    MARCH 24, 2014

## COMPLAINT

**FIRST COUNT** – **(Third Party Beneficiary Breach of Contract)**

      1.    Plaintiff, Water Pollution Control Authority for the City of Norwalk ("WPCA"), is an

authority created pursuant to Connecticut General Statutes, Chapter 103, §7-245 through §7-273a,

inclusive, as amended, for the purpose of constructing, reconstructing, operating, and maintaining the

Sewerage System for the City of Norwalk.

      2.    Defendant, Flowserve US Inc. ("Flowserve"), is a corporation organized and existing

under the laws of the State of Delaware with an office and place of business located at 5215 N. O'Connor

Blvd., Suite 2300, Irving, Texas.

      3.    On or about June 25, 2009, Gilbane Building Company ("Gilbane") and WPCA entered

into a contract (the "Construction Management Contract"), whereby Gilbane agreed to provide

construction management services for the Phase I Upgrade of the Norwalk wastewater treatment plant

(the "Project").

686000

4.      In furtherance of its duties and obligations under the Construction Management Contract, Gilbane prepared Bid Package No. 11A for the vertical non-clog dry pit submersible pumps and control system required by the Project's plans and specifications ("Bid Package No. 11A").

5.      On or about June 19, 2009, Flowserve submitted a bid for Bid Package No. 11A.

6.      On or about December 11, 2009, Gilbane issued a purchase order, Purchase Order Number 59275-000, which awarded the contract for Bid Package 11A to Flowserve (the "Purchase Order").

7.      The Purchase Order constituted a legally enforceable and binding contract between Gilbane and Flowserve that required Flowserve to complete all of the work required by Bid Package 11A in accordance with the Project's plans and specifications (the "Subcontract").

8.      At all times pertinent hereto, Flowserve was aware that WPCA was the owner of the Project.

9.      According to the Subcontract, Flowserve understood that it was assuming direct obligations to Gilbane and WPCA. Gilbane and Flowserve further intended to confer enforceable rights to WPCA.

10.     WCPA is a third-party beneficiary of the Subcontract.

11.     Flowserve provided the labor, materials and equipment required by the Subcontract, as amended.

12.     Flowserve was fully paid for providing the labor, materials and equipment required by the Subcontract, as amended.

2

203 Main Street • 300 Plaza Middlesex • Middletown, Connecticut 06457 • Tel. (860) 346-3826 • Fax (860) 346-4580 • Juris No. 65040

686000

13. In or about August, 2013, WPCA began experiencing problems with the equipment and/or materials provided by Flowserve, including, but not limited to, the failure of the pumps to operate properly, mechanical seal failures, and the failure of alarms to trigger.

14. According to the Subcontract, Flowserve is required to repair or replace the defective equipment and/or materials.

15. Despite repeated demands made by WPCA, Flowserve has without just cause or excuse failed to repair or replace the defective equipment and/or materials.

16. Flowserve's failure to repair or replace the defective equipment and/or materials is a breach of the Subcontract.

17. As a third-party beneficiary of the agreement between Gilbane and Flowserve, WPCA has suffered damages as a result of Flowserve's breach of contract.

**SECOND COUNT** – (Breach of Warranty)

1 – 17. WPCA repeats and re-alleges Paragraphs 1 through 17 of the First Count as Paragraphs 1 through 17 of this Second Count as if fully set forth herein.

18. Flowserve expressly represented and warranted that the pumps, controls, and/or appurtenant materials provided pursuant to the Subcontract were free of defects, and that Flowserve would repair or replace any defects in said pumps, controls, and/or appurtenant materials (the "Warranty").

3

686000

19.    On or about August 16, 2013, WPCA notified Flowserve that certain equipment and/or materials provided under the Subcontract were defective, and therefore did not conform to the Warranty.

20.    On or about September 6, 2013, Flowserve denied WPCA's warranty claim.

21.    On or about October 8, 2013, Norwalk WPCA provided Flowserve with documentation, which conclusively established that the reason for Flowserve's denial of WPCA's warranty claim was factually incorrect and demonstrably false.

22.    On or about October 8, 2013 and October 30, 2013, WPCA repeatedly demanded that Flowserve honor the Warranty and replace or repair the defective equipment and/or materials.

23.    On or about October 31, 2013, Flowserve reiterated its position that the defects were not covered by the Warranty.

24.    After Flowserve's October 31, 2013 denial of WPCA's warranty claim, WPCA and Flowserve continued to have dialogue and exchange correspondence until February 21, 2014 when Flowserve issued a written correspondence where it maintained its denial of WPCA's warranty claim based upon the factually incorrect and demonstrably false claim that the pumps had to have "run dry."

25.    Flowserve's failure to replace or repair defective equipment and/or materials constitutes a breach of the Warranty.

26.    As a direct and proximate result of Flowserve's breach of the Warranty, WPCA has suffered damages.

4

686000

**THIRD COUNT** – (Product Liability)

1 – 26. WPCA repeats and re-alleges Paragraphs 1 through 26 of the Second Count as Paragraphs 1 through 26 of this Third Count as if fully set forth herein.

27.     At all times pertinent hereto, Flowserve was in the business of manufacturing, selling and supplying pumps, valves, seals, and automation.

28.     Flowserve is a "Product Seller" as that term is defined in Conn. Gen. Stat. §52-572m.

29.     Flowserve manufactured, sold, and/or supplied the Project's pumping system, which consisted of the pumps, controls, and appurtenant materials (the "Pump System").

30.     In August 2013, certain pumps, controls and/or other materials comprising the Pump System as supplied by Flowserve failed and prevented WPCA's wastewater treatment plant from functioning properly.

31.     The defective pumps, controls and/or other materials comprising the Pump System as supplied by Flowserve were unreasonably dangerous to WPCA because of the critical function the Pump System provides to the Norwalk wastewater treatment plant and the substantial harm that would result from a catastrophic pump failure that prevented the Norwalk wastewater treatment plant from maintaining its operations.

32.     The Pump System that Flowserve furnished was defective in one or more of the following ways:

       a.   The pumps failed to perform as required by the Project specifications;

5

686000

b. The pumps have a primary mechanical seal that can fail without triggering an alarm or providing any warning whatsoever;

c. One or more pumps experienced a mechanical seal failure without triggering an alarm;

d. One or more pumps experienced a catastrophic pump failure; and

e. In order for an alarm to be triggered, both the lower and upper mechanical seals must fail before the moisture sensor is triggered, which means that the alarm serves no purpose because it will not trigger until after a catastrophic pump failure.

33. The Pump System, including, but not limited to, the certain pumps, controls and/or other materials that failed, were sold and placed in the stream of commerce by Flowserve and left Flowserve's control in a defective and unmerchantable condition unfit for the ordinary and intended uses of these products.

34. The Pump System, including, but not limited to, the certain pumps, controls and/or other materials that failed, reached Gilbane and/or WPCA without substantial change in condition and were not altered in any way after leaving Flowserve's control.

35. The Pump System was not altered or modified in any way by WPCA, Gilbane, or any other person or entity from the condition in which they were manufactured, assembled and/or sold to WPCA and/or Gilbane.

36. Despite demand, Flowserve has failed to repair or replace the defective pumps, controls and/or appurtenant materials it supplied to the Project.

6

203 Main Street • 300 Plaza Middlesex • Middletown, Connecticut 06457 • Tel. (860) 346-3626 • Fax (860) 346-4580 • Juris No. 65040

37.   As a direct and proximate result of defective materials and/or equipment that Flowserve supplied to the Project as aforedescribed, WPCA has suffered damages.

## FOURTH COUNT – (Bad Faith)

1 – 37. WPCA repeats and re-alleges Paragraphs 1 through 37 of the Third Count as Paragraphs 1 through 37 of this Fourth Count as if fully set forth herein.

38.   Under the Subcontract and the Connecticut Product Liability Act, Flowserve had a duty to act in good faith and deal fairly with WPCA.

39.   On or about February 21, 2014, after Flowserve once again denied WPCA's warranty claim on the false grounds that the pumps had run dry, Flowserve admitted that "the current operating mode of the pumps would not appear to allow the pumps to run dry ...."

40.   Flowserve's denial of WPCA's warranty claim based upon the demonstrably and admittedly false claim that the pumps ran dry was frivolous and in bad faith and has caused WPCA to suffer damages.

41.   In light of Flowserve's bad faith, WPCA claims entitlement to the recovery of its attorneys' fees and costs.

7.

686000

WHEREFORE, Water Pollution Control Authority for the City of Norwalk requests that the Court grant the following relief:

1. Money damages;
2. Punitive damages;
3. Costs;
4. Attorneys' fees; and
5. Such other and additional relief, in law or equity, as the Court may deem equitable and just.

PLAINTIFF,
WATER POLLUTION CONTROL AUTHORITY
FOR THE CITY OF NORWALK

By: _____

Scott S. Orenstein
Christopher A. Klepps
Updike, Kelly & Spellacy, P.C.
Its Attorneys
300 Plaza Middlesex
203 Main Street - 2nd Floor
Middletown, CT 06457
Tel. (860) 548-2600
Fax. (860) 346-4580
Juris No. 065040

A TRUE COPY ATTEST

KEITH D. NIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

8

686000

203 Main Street • 300 Plaza Middlesex • Middletown, Connecticut 06457 • Tel. (860) 346-3626 • Fax (860) 346-4580 • Juris No. 65040

| | | |
|---|---|---|
| RETURN DATE: APRIL 29, 2014 | : | SUPERIOR COURT |
| | : | |
| WATER POLLUTION CONTROL | : | JUDICIAL DISTRICT OF STAMFORD-NORWALK |
| AUTHORITY FOR THE CITY OF | : | |
| NORWALK | : | AT STAMFORD |
| | : | |
| v. | : | |
| | : | |
| FLOWSERVE US INC. | : | MARCH 24, 2014 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is in excess of $15,000, exclusive of interest and costs.

PLAINTIFF,
WATER POLLUTION CONTROL AUTHORITY
FOR THE CITY OF NORWALK

By: _____
Scott S. Orenstein
Christopher A. Klepps
Updike, Kelly & Spellacy, P.C.
Its Attorneys
300 Plaza Middlesex
203 Main Street - 2nd Floor
Middletown, CT 06457
Tel. (860) 548-2600
Fax (860) 346-4580
Juris No. 065040

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

9

686000